# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILDEARTH GUARDIANS<br>516 Alto Street<br>Santa Fe, New Mexico 87501<br><br>　　　Plaintiff,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, D.C. 20240<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:18-cv-1020 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.  Defendant United States Bureau of Land Management ("BLM") has unlawfully denied a request for fee waiver and wrongfully withheld non-exempt agency records responsive to a request made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*

2.  Guardians requested records relating to any and all authorized oil and gas pipeline rights-of-way granted by the BLM in the Montana-Dakotas State Office pursuant to provisions of the Mineral Leasing Act, 30 U.S.C. § 185, and 43 C.F.R. § 2880 (the "FOIA Request"). The records were requested in an effort to learn and share with the public the extent to which oil and gas pipeline rights-of-way are impacting public lands in Montana.

3.      Guardians requested the BLM waive all fees relating to the FOIA Request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

4.      Contrary to FOIA, the BLM denied in full Guardians' request for a fee waiver and failed to produce any of the records sought. Guardians requests an order declaring that the BLM has violated FOIA, directing the BLM to grant Guardians' request for a fee waiver, and compelling the BLM to immediately provide Guardians with all non-exempt agency records responsive to its FOIA Request by a date certain.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

6.      This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

7.      This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

8.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because defendant is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

9. Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 207,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

10. Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

11. Guardians, its staff, or one or more of its members are directly injured by the BLM's failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury. Guardians brings this action on behalf of itself, its staff, and its members.

12.     Defendant United States Bureau of Land Management ("BLM") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the BLM with the duty to provide public access to records in its possession. The BLM has possession of the records sought by Guardians. The BLM is denying Guardians access to its records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

13.     FOIA requires federal agencies to "make available to the public" non-exempt agency records upon request. 5 U.S.C. § 552 *et seq*.

14.     While FOIA permits an agency to collect reasonable fees from requesters in responding to FOIA requests, 5 U.S.C. § 552(a)(4)(A), the statute mandates that fees shall be waived if certain requirements are met. 5 U.S.C. § 552(a)(4)(A)(iii).

15.     Section 5 U.S.C. § 552(a)(4)(A)(iii) provides that "[d]ocuments shall be furnished without any charge or at a [reduced charge] … if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

16.     Section 5 U.S.C. § 552(a)(6)(A)(ii) requires an agency to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal."

17.     Section 5 U.S.C. § 552(a)(4)(A)(viii)(I) provides that "an agency shall not assess any search fees … if the agency has failed to comply with any time limit under paragraph (6)."

18. On August 31, 2017, Guardians submitted a FOIA request to the BLM. Guardians' FOIA request was for any and all records concerning or relating to any and all authorized oil and gas pipeline rights-of-way granted by the BLM in the Montana-Dakotas State Office pursuant to provisions of the Mineral Leasing Act, 30 U.S.C. § 185, and 43 C.F.R. § 2880 (the "FOIA Request").

19. In addition to the request for records, Guardians further requested that the agency waive all fees relating to the agency's processing of the FOIA Request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), 43 C.F.R. §§ 2.45–2.46, 2.48.

20. In its request for a fee waiver, Guardians demonstrated: (1) that disclosure of the requested information would be in the public interest because it would significantly contribute to public understanding of the operations or activities of the government; and (2) that Guardians' receipt of the information would be of no commercial interest to the organization.

21. On September 5, 2017, Guardians received confirmation from the BLM that the agency had received Guardians' FOIA request, including its request for fee waiver, and that its request was being processed. The BLM assigned the number "BLM-2017-01038" to the request. The BLM classified Guardians as an "Other User" requester and placed the request into the agency's "Exceptional/Voluminous" FOIA processing track.

22. On September 28, 2017, the BLM sent Guardians a letter denying its fee waiver request and simultaneously closing the case file for the FOIA Request without disclosing any non-exempt agency records responsive to the request. The only justification the BLM asserted for denying Guardians' fee waiver request and for closing the case file without disclosing any non-exempt agency records responsive to the FOIA Request was that the

agency believed that some of the records sought may be accessed by the public in agency field office reading rooms.

23. On September 28, 2017, Guardians sent a letter to the BLM clarifying the scope of its FOIA Request and asking the agency to reconsider its determination to deny Guardians' fee waiver request and close the case file for the FOIA Request without disclosing any non-exempt agency records responsive to the request. To date, Guardians has yet to receive a response to its September 28, 2017, letter to BLM.

24. Subsequently, on October 5, 2017, five days after the BLM denied the FOIA Request, Guardians submitted to the U.S. Department of the Interior, Office of the Solicitor, an administrative appeal of the BLM's denial of its fee waiver request and closure of the FOIA Request case file without disclosing any non-exempt agency records responsive to the FOIA Request.

25. In its administrative appeal, Guardians stated that BLM's denial of the fee waiver and closure of the FOIA Request case file without disclosing any non-exempt agency records responsive to the request based on the BLM's allegation that some of the records sought may be publicly available is unlawful under FOIA, 5 U.S.C. § 552 *et seq*.

26. On November 1, 2017, Guardians sent to the U.S. Department of the Interior, Office of the Solicitor a request for acknowledgement of receipt of its administrative appeal.

27. On December 7, 2017, Guardians sent to the U.S. Department of the Interior, Office of the Solicitor a request for an update on the status of its administrative appeal.

28. Guardians has yet to receive any communication from the BLM regarding its October 5, 2017, administrative appeal.

29. More than 165 days have passed since Guardians submitted its August 31, 2017, FOIA request to the BLM.

30. More than 123 days have passed since Guardians submitted its October 5, 2017, administrative appeal to the U.S. Department of the Interior, Office of the Solicitor.

31. To date, the BLM has not disclosed any non-exempt agency records responsive to FOIA request number BLM-2017-01038.

32. Guardians has fully exhausted its administrative remedies for its August 31, 2017, FOIA request to the BLM. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## FIRST CLAIM FOR RELIEF

### Violation of FOIA – Unlawful Denial of Fee Waiver Request

33. Guardians incorporates here all the allegations in this complaint by this reference.

34. The BLM unlawfully denied Guardians request for a waiver of fees related to FOIA request number BLM-2017-01038 in violation of 5 U.S.C. § 552(a)(4)(A)(iii).

35. Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

### Violation of FOIA – Unlawful Failure to Waive Fees

36. Guardians incorporates here all the allegations in this complaint by this reference.

37. The BLM unlawfully failed to waive fees related to FOIA request number BLM-2017-01038 pursuant to 5 U.S.C. § 552(a)(4)(A)(viii)(I).

38. Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

### THIRD CLAIM FOR RELIEF

**Violation of FOIA – Unlawful Withholding of Non-Exempt Agency Records**

39. Guardians incorporates here all the allegations in this complaint by this reference.

40. The BLM unlawfully failed to provide Guardians with any non-exempt agency records responsive to FOIA request number BLM-2017-01038 in violation of 5 U.S.C. § 552 *et seq.*

41. Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

### REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court:

A. Declare that the BLM has violated FOIA by wrongfully denying Guardians' request for a waiver of fees relating to FOIA request number BLM-2017-01038;

B. Order the BLM to waive fees relating to FOIA request number BLM-2017-01038;

C. Declare that the BLM has violated FOIA by wrongfully withholding non-exempt agency records responsive to Guardians' FOIA request number BLM-2017-01038;

D. Order the BLM to immediately provide Guardians with all wrongfully withheld non-exempt agency records responsive to Guardians' FOIA request number BLM-2017-01038;

E. Maintain jurisdiction over this action until the BLM complies with FOIA and every order of this Court;

F.   Award Guardians its costs and reasonable attorney fees incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

G.   Grant such other and additional relief as the Court deems just and proper.

Respectfully submitted on the 1st day of May, 2018,

/s/ Kelly E. Nokes
Kelly E. Nokes (Bar No. MT0001)
WildEarth Guardians
2590 Walnut Street
Denver, CO 80205
(406) 209-9545
knokes@wildearthguardians.org

/s/ Neil S. Kagan
Neil S. Kagan (Bar No. MI0078)
WildEarth Guardians
P.O. Box 51174
Eugene, OR 97405
(503) 828-7098
nkagan@wildearthguardians.org